IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,
For the Use and Benefit of McLean Contracting Company,

    Use Plaintiff,

v.                                                     Civil Action No. 2:24cv667

SWISS RE CORPORATE SOLUTIONS
AMERICA INSURANCE CORPORATION,

Serve: CT Corporation System, Registered Agent
         4701 Cox Road, Suite 285, Glen Allen, VA 23060

    Defendant.

## COMPLAINT

NOW COMES Use Plaintiff, United States of America, for the use and benefit of McLean Contracting Company ("McLean" or "Use Plaintiff"), by counsel, and states as follows for its complaint against Defendant, Swiss Re Corporate Solutions America Insurance Corporation ("Swiss" or "Defendant"):

### PARTIES

1. Use Plaintiff, McLean is a Delaware corporation, active and in good standing, with its principal office located at 6700 McLean Way, Glen Burnie, Maryland 21060.

2. Defendant, Swiss is a Missouri corporation providing insurance and surety services that is registered and doing business in Virginia, with its principal office located at 1200 Main Street, Suite 800, Kansas City, MO, 64105.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1352, as this is an action on a bond executed under the laws of the United States. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action is related to a federal project and arises under 40 U.S.C. §§ 3131, *et. seq.*

4. This court is a proper venue under 28 U.S.C. 113(a) and 40 U.S.C. 3133(b)(3)(B) for hearing this dispute as the federal project that is the subject of this action was located at the Joint Expeditionary Base Little Creek/Fort Story, Virginia Beach, Virginia, within this district.

## BACKGROUND

5. The United States of America, through the Department of the Navy, Naval Facilities Engineering Systems Command, NAVFAC Mid-Atlantic ("Government" or "Navy"), issued a federal construction contract N4008522C0042 (the "Contract") to Hampton Roads Leasing, Inc. d/b/a W3 Marine ("W3") for maintenance dredging at Piers 11-13, JEBLCFS, Virginia Beach, Virginia (the "Project"). **Exhibit 1.**

6. W3 subsequently subcontracted work under the Contract to McLean for the furnishing of labor and materials at and for the Project, which McLean furnished (the "Subcontract"). Specifically, among other things, McLean unloaded and deposited dredged spoils and provided other labor and materials as required by the Subcontract. **Exhibit 2**.

7. Pursuant to the requirements of the Contract and the Miller Act, Swiss as Surety, and W3 as Principal posted Bond No. 2279943 payment bond ("Payment Bond") binding each jointly and severally for the benefit of claimants that furnished labor and materials for the Project and were not promptly paid by W3 in accordance with the Contract, Subcontract, and applicable law. **Exhibit 3**.

8. McLean is a claimant on the Bond with a direct contractual relationship with W3 as the contractor and principal to the Bond.

9. Two modifications to the Contract were issued by the Navy for which Swiss furnished Consents of Surety. **Exhibit 4.**

## COUNT I – MILLER ACT PAYMENT BOND CLAIM

10. McLean realleges and incorporates each of the preceding Paragraphs as if set forth fully herein.

11. The Payment Bond was posted by Swiss pursuant to the Miller Act for the protection of all persons, including subcontractors, supplying labor and material in carrying out the work provided in the underlying federal construction contract between W3 and the Navy.

12. McLean supplied labor and material as part of the work of the Contract for the benefit of the Project and is a beneficiary under the Payment Bond and the Miller Act.

13. McLean has not been paid in full for the value of the labor and materials furnished by McLean for the benefit of the Project, for which the principal sum of at least $3,762,362.74 remains due and unpaid.

14. Swiss, as surety, is liable to McLean for that balance due McLean pursuant to the Payment Bond and the Miller Act.

15. All conditions precedent to McLean's right of recovery, and Swiss' obligation of payment, under the Payment Bond and the Miller Act have occurred and been satisfied. Without limitation, more than 90 days, but less than one year, have expired since the day on which of the labor was performed or material was supplied by McLean.

16. Under the Subcontract McLean has the right to additionally recover all interest on the monies due to McLean.

17. All conditions precedent, if any, to the filing and maintenance of this action, and to the recovery of the relief as sought herein by McLean, have occurred, been satisfied, been met, or been waived.

## RELIEF REQUESTED

WHEREFORE, McLean, by counsel, prays that judgment be entered in its favor against Swiss, awarding McLean the principal sum of at least $3,762,362.74, pre- and post-judgment interest thereon, costs otherwise allowable, and such other and further relief as deemed appropriate to the court as otherwise permitted by law.

UNITED STATES OF AMERICA, FOR THE USE AND
BENEFIT OF McLean Contracting Company, Use Plaintiff

By: /s/Jennifer L. Eaton

Jennifer L. Eaton (VSB #87491)
E: jennifer.eaton@woodsrogers.com
Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
500 World Trade Center
Norfolk, VA 23510
T: (757) 446-8600 / F: (757) 446-8670
Counsel for Use Plaintiff